UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the matter of:

Gregory James Reed,      Case No. 14-53838-MBM
    Chapter 7
        Debtor.   /    Hon. Marci B. McIvor

Keeper of the Word Foundation,

        Plaintiff,

v.    Adv. Pro. No. 16-05089

Kenneth A. Nathan, Chapter 7 Trustee,
David Findling, Special Counsel for Trustee,
Byzantine Holdings, LLC,
Dwellings Unlimited, LLC,
Debtor's Estate, John Does,

        Defendants.   /

## OPINION DENYING KEEPER OF THE WORD FOUNDATION'S MOTION FOR RECUSAL OF BANKRUPTCY JUDGE

On January 27, 2017, Keeper of the Word Foundation filed a motion requesting the recusal of Bankruptcy Judge Marci B. McIvor in debtor Gregory Reed's bankruptcy case. For the following reasons, the motion is DENIED.

I.

FACTUAL AND PROCEDURAL BACKGROUND

In 1996, Debtor Gregory Reed, Norwaine Reed and Sharon Lawson filed Articles of Incorporation for the "Keeper of the Word Foundation" ("KWF"). KWF was established as a non-profit corporation whose purpose was to collect and preserve items of historic interest, primarily for educational purposes.

On October 3, 2000, Verladia Blount filed for divorce from Debtor. A Judgment of Divorce was entered on May 16, 2003. Ultimately, Blount was awarded $230,000 in the divorce proceedings, payable by Debtor. Blount was unable to collect on her judgment and, on September 6, 2013, David Findling was appointed by the Wayne County Circuit Court as receiver in the divorce case.

On August 28, 2014, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Kenneth Nathan was appointed as the Chapter 7 Trustee in the case. On February 4, 2015, this Court entered an Order Approving the Application for Employment of David Findling as special counsel to the Chapter 7 Trustee.

On December 15, 2014, Blount filed a claim in the amount of $230,000. (Claim No. 2). On March 15, 2016, this Court entered an Order Denying Debtor's Objection to Blount's Claim. (Docket No. 481). This ruling was later affirmed by the Federal District Court for the Eastern District of Michigan (Docket No. 589).

On June 15, 2015, the Trustee filed a Motion for Turnover of Property of the Estate, seeking to marshal all of Debtor's assets. The Court subsequently held a multiple day evidentiary hearing on the Motion.

On December 17, 2015, this Court issued an Opinion setting forth the assets owned or controlled by Debtor and entered an Order requiring turnover of those assets to the Chapter 7 Trustee. One of the assets which this Court included as property of the bankruptcy estate is real property located at 1201-1209 Bagley, Detroit, MI (the "Bagley Property"). This Court found that, although the Bagley Property was titled in KWF's name, Debtor had co-mingled his assets with those of KWF to such an extent that Debtor's 50% interest in the Bagley Property was

2

property of the bankruptcy estate.[1] The other 50% interest in the Bagley Property is held by the Charles H. Brown Trust. (See Opinion Requiring Debtor to Turnover Assets to the Bankruptcy Estate, Docket No. 344, pp. 26-32). The Order effectuating that Opinion states in relevant part:

> IT IS HEREBY ORDERED that the Chapter 7 Trustee's Motion for Turnover, is GRANTED. The following assets must be turned over to the Chapter 7 Trustee:
>
> * * *
>
> (7) The fifty (50%) percent interest held by Keeper of the Word Foundation in the real property located at 1201-1209 Bagley, Detroit, Michigan; and
>
> * * *
>
> IT IS FURTHER ORDERED that the above referenced property shall be turned over to the Trustee within ten (10) days of the entry of this Order.

On December 23, 2015, Debtor Gregory Reed and Keeper of the Word Foundation appealed this Court's December 17, 2015 ruling.

On January 4, 2016, this Court entered an Amended Order Granting Chapter 7 Trustee's Motion for Turnover.[2]

On August 30, 2016, the Trustee filed a Motion for Sale of the Bagley Property. The Trustee sought to sell the Bagley Property to Byzantine Holdings, LLC for $1,060,000.00. The Trustee and the Charles H. Brown Trust (the co-owner of the Bagley Property) accepted the offer subject to Court approval and the entry of an order authorizing the sale of the Property.

---

[1] The December 17, 2015 Opinion contains a lengthy statement of the facts detailing the Debtor's commingling of his assets with those of KWF.

[2] The original Order entered with the Opinion Granting Chapter 7 Trustee's Motion for Turnover was amended to fix a typographical error in the address of the property located on Burns, Detroit, MI.

Between September 19, 2016 and September 30, 2016, KWF, debtor Gregory Reed, Gregory J. Reed & Associates, P.C., the Gregory J. Reed Scholarship Foundation, and two individuals, K. El Hakim and L Wilson, filed objections to the Motion for Sale of the Bagley Property.

On October 11, 2016, the United States District Court for the Eastern District of Michigan issued its Amended Opinion and Order Affirming the Bankruptcy Court's January 4, 2016 Order requiring turnover of the assets. That Opinion and Order affirmed the Bankruptcy Court's ruling that Debtor's bankruptcy estate includes a 50% interest in the Bagley Property. *See, Reed v. Nathan,* 558 B.R. 800 (E.D. Mich. 2016).

On October 18, 2016, counsel for KWF filed a Motion to Withdraw as counsel. On October 24, 2016, counsel for Debtor Gregory Reed filed a Motion to Withdraw as counsel.

On November 3, 2016 and November 8, 2016, creditor Verladia Blount (Debtor's ex-wife) and the Charles H. Brown Trust (the other 50% co-owner of the Bagley Property) filed concurrences with the Trustee's Motion for Sale of the Bagley Property.

On November 8, 2016, this Court entered its Order Approving Sale of Real Property and for Payment of Real Property Taxes and Closing Costs at Closing.

On November 16, 2016, KWF filed a complaint in the Wayne County Circuit Court against Kenneth A. Nathan, Chapter 7 Trustee, David Findling, Special Counsel for Trustee, Byzantine Holdings, LLC, Dwellings Unlimited, LLC, Debtor's Estate and John Does. (Wayne County Circuit Court Case No. 16-014948-CH). The complaint contained the following counts:

> Count I - Declaratory Relief, requesting that the state court void orders of the bankruptcy court and award KWF compensatory damages of $600,000.
>
> Count II - Fraudulent Conveyance, requesting that the state court void orders of

4

the bankruptcy court and the federal district court and award KWF treble damages in excess of $1.8 million.

Count III - Abuse of Process, alleging that Defendants' actions in the bankruptcy case were an abuse of process and seeking damages in excess of $25,000.

Count IV - Slander of Title, alleging that Defendants unlawfully encumbered assets of KWF and seeking damages in an unspecified amount.

Count V- Business Interference: Disrupt Charitable Purposes, alleging that Defendants engaged in malicious acts and seeking damages in excess of one million dollars.

Count VI - Violation of Elliot Larsen Act, alleging that Defendants violated the Elliott Larsen Act and seeking damages in an unspecified amount.

On November 23, 2016, the trustee Kenneth Nathan and his special counsel, David Findling, filed a notice to remove the Wayne County Circuit Court proceeding (Case No. 16-014948-CH) to the Bankruptcy Court. The removed case was given Adversary Case No. 16-5089.

On December 12, 2016, KWF filed a motion for remand. In that motion for remand, KWF argued that the bankruptcy court does not have jurisdiction over the state court action.

On January 10, 2016, Dwellings Unlimited, LLC, a Defendant in the removed state court case, filed a Motion to Dismiss. That Motion is currently pending before the Court. On January 13, 2017, defendants Kenneth Nathan and David Findling filed a Motion for Summary Judgment in the removed state court case. That Motion is currently pending before this Court.

On January 13, 2017, this Court held a hearing on KWF's Motion for Remand. At the conclusion of the hearing, the Court issued a bench opinion denying the Motion for Remand. An Order Denying the Motion to Remand was entered on January 17, 2017. As of February 7, 2017,

5

no appeal of that ruling had been filed.

On January 27, 2017, in the removed case (Adv. Proc. No. 16-5089), KWF filed a Motion seeking the recusal of Judge Marci B. McIvor. It is unclear from the Motion whether KWF is seeking the removal of Judge McIvor solely in the removed case or seeking the recusal of Judge McIvor from the entire bankruptcy case. KWF's Motion argues that Judge McIvor should recuse herself because she "cannot be reasonably objective" (Motion to Recuse, ¶ 2). Specifically, KWF argues that: (1) the Court erred in appointing David Findling as special counsel to the Trustee (Motion to Recuse, ¶¶ 4, 5 and 10); (2) the Court erred in its Order requiring the turnover of certain assets to the bankruptcy estate (Motion to Recuse, ¶ 15); (3) the Court erred in granting the Trustee's Motion to Sell the Bagley Property (Motion to Recuse, ¶ 16); and (4) the Court erred in denying KWF's Motion to Remand (Motion to Recuse, ¶ 17).

For the following reasons, KWF's Motion to Recuse is DENIED.

II.

ARGUMENT

KWF contends that Judge McIvor should be disqualified from hearing matters in this case pursuant to 28 U.S.C. § 455(a). That statute provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under § 455(a), a court must assess "whether a reasonable person would infer, from all the circumstances, that the judge's impartiality is subject to question." *Baker v. City of Detroit*, 458 F.Supp. 374, 376 (E.D. Mich. 1978). In all cases, the movant bears the burden of establishing that disqualification is warranted under § 455. *In re*

*Desilets*, 268 B.R. 516 (W.D. Mich. 2001). However, the ultimate decision on disqualification is within the Court's discretion. *Schilling v. Heavrin* (*In re Triple S Restaurants, Inc.*), 422 F.3d 405, 417 (6th Cir. 2006).

Generally, recusal under § 455(a) is necessitated by extra-judicial, as opposed to judicial factors. *See, e.g., In re Desilets,* 268 B.R. at 520. The United States Supreme Court has explained, ". . . judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. … Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky,* 510 U.S. 540, 555-56 (1994) (citations and quotations omitted). In the Sixth Circuit, this "extrajudicial source" factor has given rise to the frequent observation that disqualification under § 455 cannot be premised on purely judicial conduct. *See, e.g., United States v. Arhebamen,* 197 Fed. Appx. 461, 465 (6th Cir. 2006)(unpublished)(citing *Green v. Nevers,* 111 F.3d 1295, 1303-04 (6th Cir. 1997)); *Martin v. LaBelle,* 7 Fed. Appx. 492 (6th Cir. 2001) (unpublished); *United States v. Story,* 716 F.2d 1088, 1091 (6th Cir. 1983).

In this case, KWF argues that Judge McIvor's impartiality might be questioned because: (1) the Court appointed David Findling as special counsel to the Trustee; and (2) the Court has issued multiple rulings adverse to the interests of KWF.

A. <u>KWF's Motion is an Untimely Collateral Attack.</u>

With regards to several of the issues raised in KWF's Motion to Recuse, this Court denies KWF's Motion because it is an untimely collateral attack on orders properly entered by this Court. As numerous courts – including the United States District Court for the Eastern District of Michigan – have held, an objection under § 455 must be timely. *See, e.g., Deuer Mfg,*

7

*Inc. v. Kent Products, Inc.,* 760 F. Supp. 609, 611 (E.D. Mich. 1989) ("Sec. 455 requires that a party raise the issue of disqualification of the judge at the earliest moment after acquiring knowledge of the facts providing a basis for disqualification."). *See also, In re Big Rivers Electric Corp.,* 213 B.R. 962, 972 (W.D. Ky. 1997) (citing cases); *In re Jansen*, 107 B.R. 249, 254 (Bankr. D. Ariz. 1989). Moreover, "the appearance of impropriety may be raised on collateral attack only if asserted promptly upon learning the facts alleged to warrant recusal and may not be raised collaterally if the opportunity to do so existed at a time when direct review was available." *Hardy v. United States,* 878 F.2d 94, 97-98 (2d Cir. 1989) (citing *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847 (1988)) (emphasis added).

KWF's objections to the appointment of David Findling as special counsel to the Trustee, and its objection to this Court's December 17, 2015 Opinion and Order finding that the Bagley Property was property of the bankruptcy estate, are untimely. The Order appointing David Findling as special counsel was entered on February 4, 2015. That Order was never appealed. As to the Opinion and Order issued by this Court on December 17, 2015, that Order was appealed to the Federal District Court for the Eastern District of Michigan and was affirmed on October 11, 2016. *See, Reed v. Nathan*, 558 B.R. 800.

This Court finds that KWF's objections to the appointment of David Findling as special counsel and to this Court's December 17, 2015 Opinion and Order are untimely collateral attacks on Orders issued by this Court. As such, those objections are not grounds for recusal.

B.  KWF's Motion's Challenges Only Judicial Conduct

As stated above, recusal under § 455(a) is generally necessitated by some sort of extra-

judicial conduct. *Desilets*, 268 B.R. 516. In the *Desilets* case, the Court summarized extra-judicial conduct as follows:

> Disqualification under both Sections 455(a) and (b) requires that the asserted bias or prejudice must result from an extrajudicial source. *Liteky v. United States*, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966) (defining the "extrajudicial source" doctrine and applying the doctrine to party-initiated recusal actions under 28 U.S.C. § 144). The "extrajudicial source" rule requires that the judge's alleged bias must be based upon a "personal bias' as distinguished from a judicial one.'" *Consolidated Rail Corp.*, 170 F.3d at 597. Personal bias is prejudice "that emanates from some source other than participation in the proceedings or prior contact with related cases" and instead "arises out of the judge's background and associations." *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir.1999). Based on these principles, the U.S. Supreme Court has recently stated that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555, 114 S.Ct. at 1157.

*Desilets,* 268 B.R. at 520. The Movant has the burden of establishing that a reasonable person would find that bias exists. *Consolidated Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999).

In its Motion to Recuse, KWF does not make any allegations regarding extra-judicial conduct. Every example cited by KWF to demonstrate this Court's inability to be impartial relates to a ruling made by the Court, on matters brought before the Court by the parties in the bankruptcy case. Specifically, the Motion to Recuse objects to the ruling authorizing the Trustee to sell an asset of the bankruptcy estate (the Bagley Property) and the ruling denying the Motion for Remand. Neither of these rulings stemmed from any extra-judicial conduct and cannot form the basis of a motion seeking recusal.

The Court also notes that the timing of the Motion for Recusal strongly suggests that the

9

Motion was filed for the sole purpose of delaying this Court's rulings on matters pending in the adversary proceeding. The Motion to Recuse was filed ten days after this Court entered its Order Denying the Motion to Remand. There are pending Motions to Dismiss and for Summary Judgment in this adversary proceeding. KWF may be unhappy that it has to defend the merits of its Complaint against the Trustee, David Findling, and multiple other Defendants in this forum, but KWF's unhappiness about this Court's jurisdiction over the removed case is not grounds for requesting recusal under 28 U.S.C. § 455(a).

III.

CONCLUSION

KWF has not met its burden of proving that there are grounds for recusal in this case. Therefore, this Court DENIES KWF's Motion to Recuse.

Signed on February 08, 2017

/s/ Marci B. McIvor
Marci B. McIvor
United States Bankruptcy Judge